**James F. GENTSCH, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 30769.

Court of Criminal Appeals of Texas.

June 3, 1959.

Jack W. Knight, Houston, for appellant.

Dan Walton, Dist. Atty., Thomas D. White and Samuel H. Robertson, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The information was in three counts, all of which were submitted to the jury. Count 1 charged negligent homicide in the first degree.

Counts 2 and 3 charged negligent homicide in the second degree, while engaged in the commission of a misdemeanor. The latter counts were referred to in the court's charge as "second degree, first count" and "second degree, second count."

The jury's verdict reads: "We, the jury find the defendant guilty of Negligent Homicide in the second degree, first count, and assess his punishment at 545 days five hundred and forty five days in jail."

The punishment assessed by the jury was one authorized for such offense. Art. 1242, Vernon's Ann.P.C.

The judgment entered recites the jury's verdict and adjudges appellant "guilty of negligent homicide, as charged in the first count of the information."

The judgment is reformed so as to conform to the verdict and adjudge appellant guilty of negligent homicide of the second degree, as charged in the first of the two counts charging that offense.

The record contains no statement of facts and no bills of exception.

As reformed, the judgment is affirmed.